**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**TOMMY HARNESS**                                                               **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO.: 1:23-cv-210-HSO-MTP**

**CHEVRON U.S.A., INC.**                                                       **DEFENDANT**

## ORDER

THIS MATTER is before the Court on Plaintiff Tommy Harness's Motion to Compel

Discovery [39].  The Court, having carefully considered the submissions of the parties and the

applicable law, finds that the Motion to Compel [39] should be GRANTED in part and DENIED

in part as set forth below.

## BACKGROUND

This action arises from Plaintiff's claim that, despite being Defendant's employee for

forty-two years,[1] he has never been promoted to a managerial position based on the color of his

skin.  *See* [2] at 1.  Since the inception of this lawsuit, the parties have made little discovery

progress, and from all appearances, have failed to cooperate in good faith.

In December of 2023, both parties propounded written discovery requests.  Neither party

timely responded, nor did they request additional time to do so.  Seizing the opportunity,

Defendant moved for summary judgment asserting that Plaintiff's failure to timely respond to

Defendant's requests for admissions defeated Plaintiff's claims.  While Defendant's Motion for

Summary Judgment [24] was pending, the parties became embroiled in a discovery dispute.

---

[1] Plaintiff began working for Defendant in January of 1982.  *See* [2] at 3.  Defendant cites to
Plaintiff's "forty-year" tenure at times.  *See, e.g.,* [48] at 21.  The Court will refer to Plaintiff's
tenure as "forty-two years."

Defendant served its tardy responses to Plaintiff's discovery requests on February 6, 2024. *See* [32] [33]. Unhappy with Defendant's "boilerplate objections," Plaintiff informed Defendant that it sought more substantive responses to several of its requests on March 28, 2024. *See* [39-3]. Defendant then unilaterally imposed a moratorium on discovery, answering that it had no intention to "engage in further discovery or substantively respond to [Plaintiff's] letter until the Court has ruled on [Defendant's] dispositive motion." [39-4]. The legal basis for shutting down the discovery allowed by the Case Management Order [18] was not revealed.

On April 11, 2024, the Court held a telephonic discovery conference that addressed Defendant's position, reminded Defendant that a pending dispositive motion does not serve as a self-executing stay, and allowed Defendant seven days to supplement its responses.

Defendant timely supplemented its responses to Plaintiff's discovery requests on April 18, 2024. *See* [37] [38]. By an email letter sent that same date, Defendant pointed out a number of its concerns with several of Plaintiff's requests. Rather than cooperate in a good-faith effort to perhaps resolve the parties' concerns and avoid the unnecessary briefing and further expenses associated with this dispute, Plaintiff hastily filed the instant Motion to Compel [39] the following day. The Motion [39] is riddled with inaccuracies and incomplete in many respects.[2]

To be clear, Plaintiff certainly had the authority to file a motion to compel.[3] It is equally clear, however, that Plaintiff failed to engage in good faith to resolve any remaining issues and to

_____

[2] Many of Plaintiff's discovery requests appear to be either boilerplate discovery requests or copied from other lawsuits. For example, Plaintiff persistently inquires as to issues relating to sexual harassment and gender discrimination, which are entirely irrelevant to this lawsuit. *See* Interrogatories 2, 3, and 4. Elsewhere, Plaintiff seeks information relating to his "date of termination," though Plaintiff has not been terminated by Defendant. *See* Request for Production No. 6.

[3] *See* Minute Entry 04/11/2024.

address Defendant's mostly well-founded objections.  Defendant responded to the Motion [39].

*See* [47].  Plaintiff did not file a rebuttal or reply.

## ANALYSIS

The Court has broad discretion over the scope of discovery.  *See Hernandez v. Causey*,

2020 WL 5412486, at *3 (S.D. Miss. Sept. 9, 2020); *Freeman v. United States*, 566 F.3d 326,

341 (5th Cir. 2009).  Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).

Rule 26(b)(1) also requires that discovery must be "proportional to the needs of the case[.]"  *Id.*

The party resisting discovery must specifically object and show that the requested

discovery does not fall within Rule 26(b)(1)'s scope of proper discovery.  *Itron, Inc. v. Johnston*,

2017 WL 11372352, at *4 (S.D. Miss. Aug. 17, 2017).  "General or boilerplate objections are

invalid, and '[o]bjections to discovery must be made with specificity, and the responding party

has the obligation to explain and supports is objections.'"  *Lopez v. Don Herring Ltd.*, 327

F.R.D. 567, 578 (N.D. Tex. 2018); *see also* Fed. R. Civ. P. 34(b)(2).

As a preliminary matter, Defendant urges the Court to deny the Motion to Compel [39]

for Plaintiff's alleged failure to comply with the Local Rules.  Local Rule 37(b) requires that

motions regarding discovery propounded "must quote verbatim each interrogatory, request for

production, or request for admission to which the motion is addressed and must state: (1) the

specific objection; (2) the grounds assigned for the objection (if not apparent from the objection

itself), and (3) the reasons assigned as supporting the motion."  L.U. Civ. R. 37(b).  "The

objections, grounds and reasons must be written in immediate succession to the quoted discovery

request.  The objections and grounds must be addressed to the specific interrogatory, request for

production, or request for admission and may not be general in nature."  *Id.*

Plaintiff misrepresents Defendant's responses to his discovery requests throughout the Motion to Compel [39]. Defendant supplemented its responses to Plaintiff's propounded discovery on April 18, 2024. *See* [47-2]. That day, counsel for Defendant also emailed Plaintiff's counsel and explained its remaining concerns with the propriety of certain requests. *See* [39-5].

In support of his Motion to Compel [39], Plaintiff often conflates the two, citing to Defendant's email as a "response" rather than Defendant's responses or supplemental responses. For example, Defendant's "responses," as quoted by Plaintiff to Interrogatories Nos. 2, 4, 5, 7, 13, 14, and 16 in the Motion [39], are provided from Defendant's email, [39-5]—not the actual discovery responses served upon Plaintiff. *See* [39-2] [47-2]. Plaintiff did not list the objections, grounds, and reasons in immediate succession to the quoted discovery requests as required by L.U. Civ. R. 37(b).

This violation of the rules leaves the Court and Defendant to sift through numerous documents and engage in guesswork to verify the information conveyed in the Motion to Compel [39], which is the very issue the rule sought to eliminate. Additionally, Plaintiff did not trouble to file a rebuttal to clarify or respond to the issues raised by Defendant and to assist the Court in addressing the Motion [39].

Plaintiff's violation of L.U. Civ. R. 37(b) provides a sufficient basis for denying the Motion to Compel [39]. *See* L.U. Civ. R. 37(c). By not following the Local Rules in presenting what is already a complex and in some respects an unnecessary Motion to Compel [39], Plaintiff transfers its responsibilities to everyone else and creates undue expense and confusion. In the interests of advancing this dispute to a resolution and eliminating further delay and expense, the

Court will nevertheless address the merits of many of the requests that are addressed in the Motion [39].

## I. Interrogatories

**Interrogatory No. 1**

The Motion is denied as to Interrogatory No. 1.  Plaintiff asks Defendant to identify all employees and former employees interviewed during Defendant's investigation regarding the allegations within Plaintiff's Complaint [1].  Defendant supplemented its earlier response with a list of relevant employees and informed Plaintiff that each employee may be contacted through undersigned counsel.  [47-2] at 2.

Plaintiff complains that subparts "d" and "e" of the interrogatory should also be answered as to the reasons that the relevant employees were interviewed and the subjects upon which they were interviewed.  No further response will be required.  The interrogatory itself plainly states the reason and subject for such interviews:  Defendant's investigation into allegations contained in Plaintiff's Complaint.

**Interrogatory No. 2**

The Motion is denied as to Interrogatory No. 2.  Plaintiff requests that Defendant identify "all" employee complaints of sexual harassment or race, sex, or gender discrimination within the past seven years.  For starters, Interrogatory No. 2 is not an interrogatory but at least ten separate interrogatories as it includes numerous discrete subparts.  *See* Fed. R. Civ. P. 33(a)(1).

In addition, the interrogatory far exceeds reasonable discovery that is proportional to the needs of the case.  The interrogatory is not limited to racial discrimination or harassment complaints but instead requests information regarding complaints of sex, gender, and other types of inapplicable discrimination or harassment over a seven-year period.

To be clear, it is appropriate to allow discovery of other complaints of discrimination against an employer where limited to the same form of discrimination, the same department or agency where the plaintiff worked, and for a reasonable time period. *See Minnis v. Bd. of Sup'rs of La. State Univ. Agric. & Mech. Coll.*, 2013 WL 6271940, at *8 (M.D. La. Dec. 4, 2013).

Interrogatory No. 2 is far too broad in both time and scope, and as Plaintiff is apparently unwilling to limit the scope, the Court will not require the interrogatory to be answered. Plaintiff may seek this information by other discovery means or by propounding an interrogatory with reasonable limitations and with reasonable particularity.

**Interrogatory No. 3**

The Motion is denied as to Interrogatory No. 3. Plaintiff asks Defendant to describe "all actions" taken to prevent race discrimination, sexual harassment, and discrimination of any form from occurring in the workplace within the past seven years. This interrogatory is unduly broad and seeks information which far exceeds the scope of Plaintiff's racial discrimination and other claims and is out of proportion to the needs of the case. Moreover, a description of every action undertaken by Defendant over a seven-year period is unduly burdensome.

Plaintiff is certainly entitled to information regarding the actions undertaken by Defendant that address preventing racial discrimination in the workplace. If the information is sought by interrogatory, however, Plaintiff's request must be much narrower than presently written and Plaintiff is apparently unwilling to limit the request. Plaintiff may also seek this information through depositions.

**Interrogatory No. 4**

The Motion is denied as to Interrogatory No. 4 for essentially the same reasons stated above for Interrogatory No. 3.

**Interrogatory No. 5**

The Motion is denied as to Interrogatory No. 5.  In this request, Plaintiff asks Defendant whether it or any of its supervisory personnel have "knowledge or indications of inappropriate statements regarding one's race or gender, stereotypical comments, ridicule, or joking" in the workplace within the past seven years.  Any information regarding inappropriate statements to one's gender is irrelevant to Plaintiff's racial discrimination claim.

Additionally, Defendant cannot reasonably respond to whether it or its supervisory personnel had "knowledge or indication" as to "ridicule" or "joking in the workplace."  Such a request is too broad and too vague to permit a reasonable and fair written answer.  While Plaintiff may propound limited discovery requests relating to similar claims of racial discrimination, it must do so with more specificity and within reasonable limits both in time and scope.

**Interrogatory No. 7**

The Motion is denied as to Interrogatory No. 7.  Plaintiff seeks information as to whether any supervisory personnel engaged in nepotism in hiring or promoting family members within the past seven years.  Allegations of nepotism do not support the inference that a decision based on family preferences intentionally discriminates based on race.  *See Jones v. Overnite Transp. Co.*, 212 F. App'x 268, 275 (5th Cir. 2006).  It is unclear how nepotism offers any relevance to Plaintiff's racial-discrimination claim.  Plaintiff declined to file a rebuttal to support this request or limit its scope.

**Interrogatory No. 9**

The Motion is granted as to Interrogatory No. 9.  Plaintiff asks Defendant to "describe in detail" why Plaintiff has never been promoted to a salaried position.  Defendant asserts that

Plaintiff "was never promoted to a salaried position because he never applied for a promotion to a salaried position during the relevant time period." [48] at 12. Plaintiff disputes the meaning of a "relevant time period," noting that the interrogatory is not limited to any specific time or scope. [41] at 13.

Defendant has unduly restricted the scope of this interrogatory to six months. On the other hand, Plaintiff leaves Defendant to guess at what point or points in Plaintiff's forty-two-year career he claims that he should have been promoted and in what way. Defendant shall supplement its response to provide the reason Plaintiff was not promoted to any salaried position for which he applied while employed by Defendant.

**Interrogatory No. 10**

The Motion is granted in part and denied in part as to Interrogatory No. 10. Plaintiff seeks information as to whether Defendant has "ever" maintained a policy requiring applicants for salaried or managerial positions to first receive a recommendation from an employee in a similar role before being considered for the position.

Defendant provided documents regarding "relevant employment policies" but claims that it is "unreasonable and burdensome for Plaintiff to ask [Defendant] to search for every policy it has ever maintained." [48] at 13. Defendant should have sufficient awareness of its policies to answer the interrogatory if limited in scope. The interrogatory will be limited to the period that Plaintiff has worked for Defendant at the Pascagoula refinery. If Defendant had such a policy during Plaintiff's work tenure, it shall so state and provide the requested information.

**Interrogatories Nos. 13 and 14**

The Motion is denied as to Interrogatories Nos. 13 and 14. Plaintiff seeks a plethora of information regarding "any" EEOC claim or any state or federal lawsuit by non-parties that have

alleged that Defendant discriminated within the past seven years.  The request is far too broad, and "any" claim is certainly disproportionate to the needs of Plaintiff's racial discrimination claim in this lawsuit as it unduly refers to religion, sex, and numerous other categories of discrimination with no bearing on this case.  Plaintiff may propound another interrogatory that is reasonable in time and scope.

**Interrogatory No. 16**

The Motion is granted in part and denied in part as to Interrogatory No. 16.  In this request, Plaintiff seeks certain salary and demographic information from Defendant employees. Defendant objects due to privacy concerns and the breadth of the information sought.  However, this information could be relevant to show the extent to which Defendant promotes African Americans to salaried positions.

Defendant shall supplement its response and identify its current salaried employees by race, the employees' date of hire or promotion to a salaried position, and the employees' current salaries and bonuses.  Defendant's response shall be limited in scope to its current salaried employees at its Pascagoula refinery.

To resolve Defendant's privacy concerns, the names of the employees need not be revealed at this time.  Should Plaintiff demonstrate a particular need for a name, the parties shall confer in good faith.

**Interrogatories Nos. 17 and 18**

The Motion is denied as to Interrogatories Nos. 17 and 18.  Plaintiff asks Defendant to describe the requirements for hiring employees in managerial or supervisory roles and to identify the "typical job duties" of a salaried employee.  The interrogatories are far too broad to permit a reasonable and fair written answer.  Defendant "employs many salaried employees—all with

9

varying skills and responsibilities." [48] at 17.  Additionally, it is unclear how the "typical job duties" of "a salaried employee" are relevant to Plaintiff's claim that he should have been promoted to a specific position.

To the extent that Plaintiff seeks information of this kind, he should succinctly reframe the question to seek the requirements and "typical duties" for managerial or supervisory roles for which Plaintiff claims he should have been considered.

## II. Requests for Production

**Request for Production No. 1**

The Motion is granted in part and denied in part as to Request for Production No. 1. Plaintiff requests copies of documents or "communications" referenced or relied upon by Defendant in its response to Plaintiff's First Set of Interrogatories.  Defendant lodges blanket claims of privilege but does not describe the nature of the documents or communications not produced or disclosed as required by Fed. R. Civ. P. 26(b)(5)(a).  It is unclear if Defendant relied on any other documents than those provided since Defendant claims that it has "produced all relevant, non-privileged documents related to this request." [48] at 18.

Defendant need not disclose communications that are not in document, electronic, or other tangible form in response to this request as it is a request for production, not an interrogatory.

**Request for Production No. 2**

The Motion is denied as to Request for Production No. 2.  The Court will not require any party to identify at this time the documents that they may offer into evidence at trial or at a dispositive hearing.  The parties are required to disclose their exhibits in the pretrial order.  As

for hearings, none are set, and it is impossible for any party to identify exhibits for an

unscheduled hearing on an unfiled dispositive motion.

**Request for Production No. 3**

The Motion is denied as to Request for Production No. 3 for Plaintiff's misrepresentation

that Defendant did not "object or provide any responsive documents to this request," and his

failure to state the reasons supporting the motion as to this request as required under L.U. Civ. R.

37(b).  Defendant **did** object to this request,[4] and Plaintiff provides no argument or reason in his

motion why Defendant should be compelled to produce documents in response to this request.

**Request for Production No. 4**

The Motion is denied as to Request for Production No. 4.  Plaintiff seeks "all notes" or

"records kept by all individuals" related to "any complaints" made by Plaintiff.  As written, the

request is overly broad and disproportionate to the needs of Plaintiff's case.  Plaintiff has been

employed by Defendant for forty-two years, and it is unreasonable to request a search for records

of "any complaint" he has made during his employment.  If there are particular complaints at

issue, Plaintiff should specify those to allow for a proportionate and accurate response.

**Request for Production No. 5**

The Motion is granted in part and denied in part as to Request for Production No. 5.

Plaintiff seeks "all emails, memos, or other communications" regarding Plaintiff's pursuit of a

promotion.  Defendant responded that there are no documents responsive to the request, claiming

that Plaintiff never "applied for open positions."  [48] at 21.

Ordinarily, Defendant's supplemental response would be complete as it indicates no

responsive documents exist.  However, given that Defendant's initial response improperly and

---

[4] *See* [39-2] at 13.

unilaterally limited the relevant time period to 180 days, it is unclear whether this response is limited to Plaintiff's forty-two-year tenure as an employee or just to a 180-day period. Defendant shall supplement to provide this clarification, and produce such documents, if any, for the period of Plaintiff's work tenure with Defendant.

**Request for Production No. 6**

The Motion is granted in part and denied in part as to Request for Production No. 6. Defendant cannot plausibly determine which date would satisfy Plaintiff's request for information from 2018 "to the date of termination" as Plaintiff has not been terminated.[5]  [41] at 23.  Defendant shall instead produce any responsive documents from 2018 to August 21, 2023, the date this lawsuit commenced.

**Request for Production No. 7**

The Motion is granted in part and denied in part as to Request for Production No. 7. Plaintiff seeks "any and all" documents "related to or otherwise referring to or governing the process and/or procedures" as to (1) the hiring and promotions of managerial and supervisor positions and (2) discrimination or harassment.  As written, the request is overly broad and documents relating to Defendant's policies towards harassment are irrelevant to Plaintiff's racial discrimination claim.

Even so, Defendant's response and supplement response are not proper.  Merely stating "see documents" or certain policies is not a proper response.  A proper response is one stating that a party will produce the documents requested or that it objects to doing so, with the reasons stated therein.  *See* Fed. R. Civ. P. 34(b).  "See documents" does not reveal whether the responding party is producing all responsive records or just those of its choosing.

---

[5] This underscores the risks of serving "boilerplate" discovery requests or those from other cases.

The documents that Defendant invites Plaintiff to "see" in its response and supplemental response may be sufficient to reasonably address the remainder of this request relating to discrimination and harassment policies. However, the response should be supplemented to indicate clearly whether the responsive documents were produced.

Accordingly, Defendant shall supplement its response by (1) responding clearly to the request and (2) producing its policies and procedures relating to or otherwise referring to or governing the process and/or procedures as to the hiring and promotions of managerial and supervisor positions which Plaintiff claims he should have received or should have been considered. Plaintiff shall identify those positions (and the approximate time period involved) in writing within ten days of the date of this Order. Defendant shall respond within ten days thereafter.

**Request for Production No. 8**

The Motion is denied as to Request for Production No. 8. Plaintiff seeks copies of EEOC investigative reports involving discrimination or sexual harassment "mentioned in response to Plaintiff's interrogatories." Defendant provided Plaintiff with copies of Plaintiff's EEOC file, but in its responses to Plaintiff's interrogatories, Defendant did not appear to identify any other EEOC claims or reports. By Plaintiff's own request and in accordance with the information provided to the Court, there appear to be no other reports "mentioned in response" that the Court may compel.

As noted in the Court's ruling on Interrogatories Nos. 13 and 14 above, Plaintiff may propound a narrower request which may later lead to the production of documents in response to this request.

**Requests for Production Nos. 11-17**

The Motion is denied as to Requests for Production Nos. 11-17 for Plaintiff's failure to comply with Local Rule 37(b).  Plaintiff successively combines Requests for Production Nos. 11-17 in a list but fails to provide Defendant's objections or responses—much less in immediate succession to the quoted requests for production.  *See* L.U. Civ. R. 37(b)-(c).  The Court will not speculate as to the sufficiency of Defendant's responses or supplemental responses.

**Request for Production No. 18**

The Motion is denied as to Request for Production No. 18.  Plaintiff requests all information Defendant has provided its employees within the past seven years addressing issues relating to sexual harassment/discrimination affecting Defendant employees.

Issues relating to sexual harassment are irrelevant to Plaintiff's racial discrimination claim, and the request for same is denied.  Documents related to racial discrimination or harassment are fair game but must be requested with "reasonable particularity."  *See* Fed. R. Civ. P. 34(b)(1)(A).  The request, like many others, lacks reasonable particularity.

Defendant's supplemental response appears to be sufficient.  If Plaintiff disagrees, he may ask for additional records with reasonable particularity.

**Request for Production No. 19**

The Motion is granted in part and denied in part as to Request for Production No. 19.  Plaintiff requests Defendant's complete investigation file on Plaintiff's allegations.  Such a request practically invites objections on work-product and privilege grounds.  Defendant predictably lodges blanket claims of privilege.

Defendant shall produce all responsive documents created prior to the filing of this lawsuit except for those which it claims are protected by the attorney-client privilege and/or the

work product doctrine.  However, any document withheld on those bases must be listed on a privilege log.  Defendant essentially answered the request in this way, but the answer appears to limit the request to January 15, 2022.  The request for production did not provide this limitation, and Defendant's response shall not be so limited.

**Plaintiff's Request for Sanctions**

Plaintiff requests that the Court require Defendant to pay the costs incurred with filing the Motion to Compel [39].  The Motion [39] certainly required considerable time, expense, and resources of all parties and the Court, much of which could have been avoided had the parties simply cooperated and conferred in good faith.  Defendant prevailed on most of its objections, and the Motion [39] accomplished very little.  The Court finds that, under the circumstances presented, neither party should be awarded fees or costs.

The District Judge admonished the parties to comply with all future deadlines in this case and to cooperate in good faith in the discovery process.  *See* Court's Order [43] at 8.  That admonishment was not heeded.  As the Court was completing this Order, it received yet another request for a discovery conference over another barrage of discovery disputes that the parties cannot seem to resolve in a cooperative way.  Sanctions for continued unnecessary and costly discovery squabbles are unfortunately the only apparent remaining option for the Court.  The parties are so warned and are urged to govern themselves accordingly.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff Tommy Harness's Motion to Compel Discovery [39] is GRANTED in part and DENIED in part; and

2. To the extent required by this Order, Defendant shall supplement its responses on or before June 7, 2024.

SO ORDERED, this the 24th day of May, 2024.

s/Michael T. Parker
United States Magistrate Judge