IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TOMMY HARNESS**                                                                                    **PLAINTIFF**

v.                                                              CIVIL ACTION NO.: 1:23-cv-210-HSO-MTP

**CHEVRON U.S.A., INC.**                                                                       **DEFENDANT**

## ORDER

THIS MATTER is before the Court on Plaintiff Tommy Harness's Second Motion to Compel Discovery [72]. Defendant Chevron U.S.A., Inc., filed its response, and Plaintiff replied. Having considered the submissions of the parties and the applicable law, the Court finds that the Second Motion to Compel [72] should be GRANTED in part and DENIED in part as set forth below.

## BACKGROUND

On June 26, 2024, Plaintiff submitted a written request via email to the undersigned's chambers to file an expedited motion to compel, foregoing the requirement to first schedule a discovery conference. That day, the Court authorized Plaintiff to file a motion to compel on or before July 3, 2024, addressing the following issues: (1) scheduling Defendant's 30(b)(6) deposition; (2) Interrogatories Nos. 1-3; and (3) Request for Production No. 7. *See* Order [65].

Plaintiff timely filed his Second Motion to Compel [72]. Defendant filed its Response [74], and the Court held a telephonic conference with parties on July 11, 2024, to determine which discovery disputes remained. In that conference, the parties were directed to confer further, and absent resolution, the Court directed Plaintiff to file any rebuttal to Defendant's Response [72] on or before July 15, 2024. Plaintiff timely filed his Rebuttal [78], and this matter is ripe for review.

1

ANALYSIS

The Court has broad discretion over the scope of discovery. *See Freeman v. United States*, 566 F.3d 326, 341 (5th Cir. 2009). Discovery is not a license for a party to go fishing and is limited to information that is relevant to any party's claim or defense, proportional to the needs of the case, and nonprivileged. *See Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015); *see also* Fed. R. Civ. P. 26(b)(1).

The party resisting discovery must specifically object and show that the requested discovery does not fall within Rule 26(b)(1)'s scope of proper discovery. *Itron, Inc. v. Johnston*, 2017 WL 11372352, at *4 (S.D. Miss. Aug. 17, 2017). "General or boilerplate objections are invalid, and '[o]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections.'" *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 578 (N.D. Tex. 2018); *see also* Fed. R. Civ. P. 34(b)(2).

Having carefully considered the Motion to Compel [72], the Court rules as follows:

**Requests for Production**

**Request for Production No. 1**

The motion is denied without prejudice as to Request for Production No. 1 as the Court did not authorize filing a motion to compel as this discovery request in its Order [65]. Moreover, Plaintiff did not seek authorization regarding this discovery request, and there is no indication that the parties conferred in good faith as required by the Federal Rule of Civil Procedure 16(b)(3)(B)(v) and the Case Management Order [18].

**Request for Production No. 7**

The motion is denied as to Request for Production No. 7. Plaintiff seeks copies of "any and all" documents that Defendant possesses "related to or otherwise referring to or governing

2

the process and/or procedures of (1) hiring and promotions of managerial and supervisory positions; and (2) discrimination or harassment."

The Court's Order [54] dealt with this issue previously and informed Plaintiff that the request was overly broad. Regarding documents relating to the hiring and promotions of managerial and supervisory positions, the Court instructed Plaintiff to "identify those positions (and the approximate time period involved) in writing within ten days of the entry of [the] Order[,]" or June 3, 2024.[1] *See* [54] at 13. The parties dispute whether Plaintiff complied with the Court's Order [54].

Plaintiff claims that he complied with the Order [54] when he served his Second Amended Supplemental Objections and Responses to Defendant's First Set of Interrogatories on June 6, 2024. *See* [73-7]. Defendant denies having received any list compliant with the Order [54]. In hopes of clarifying the issue (among others), the undersigned held a telephonic on July 11, 2024, and directed Plaintiff to provide the undersigned with this disputed jobs' list.

On July 12, 2024, Plaintiff emailed the undersigned's chambers the following list of relevant jobs: Steam and Equipment Management in the Utilities Department, Utility Technician Specialist, Training Instructor, Energy Coordinator, Temporary Team Leader, Steam Trap Equipment Management, Steam Trap SME, and Job Planner.

These positions were indeed provided to Defendant on June 6, 2024, through Plaintiff's supplemental response. [73-7] at 6.[2] Still, neither the supplemental response nor the email to the

---

[1] The Order [54] was entered on May 24, 2024.

[2] The supplemental response identifies an additional position: technician specialist. This position was not identified by Plaintiff in his email to the Court on July 12, 2024, but was provided to Defendant on June 6, 2024, in the supplemental response.

3

undersigned's chambers identify the approximate time period involved as required by the Court's Order [54].

By requiring that Plaintiff identify the approximate time period for the relevant jobs at issue, the Court sought to allow for discovery that is proportional to the needs of Plaintiff's case. Plaintiff disregarded this instruction. As Plaintiff has failed to comply with the Court's Order [54], Defendant will not be required to supplement its response to Plaintiff's Request for Production No. 7 at this time.

**Interrogatories**

**Interrogatory No. 1**

The motion is granted in part and denied in part as to Interrogatory No. 1. Plaintiff seeks a list of job vacancies for salaried positions in Defendant's Pascagoula refinery along with the background and demographic information for the applicant's selected for the jobs within the past seven years. Such demographics include the applicant's name, race, age, sex, educational background, prior job status, and employment history at the time of the vacancy.

For the same reasons stated regarding Request for Production No. 7, Defendant will not be compelled to respond further to the interrogatory as written. Simply casting an expansive net into alleged job vacancies of every type undermines the goals of discovery. Discovery shall be limited to the time period Plaintiff claims he should have received or should have been considered for certain specific jobs.

Plaintiff suggests that he is amenable to limiting the request to information dating back to 2020. *See* [73] at 9; [73-8] at 2. To resolve this issue and prevent further delay, Defendant shall supplement its response and provide a list of job vacancies at its Pascagoula refinery from January 1, 2020, to August 1, 2023 (the date Plaintiff filed his Complaint [1]), for the following

jobs: Steam and Equipment Management in the Utilities Department; Utility Technician Specialist; Training Instructor; Energy Coordinator; Temporary Team Leader; Steam Trap Equipment Management; Steam Trap SME; and Job Planner.

Defendant's response shall include the name,[3] race, educational background, prior job status, and employment history of the applicants who were selected for the relevant vacancies. Any privacy concerns raised by Defendant should be resolved by the parties' Agreed Protective Order [64].[4]  If not, such concerns may be addressed by separate motion.

**Interrogatory No. 2**

The motion is granted in part and denied in part as to Interrogatory No. 2.  Plaintiff requests that Defendant state the job description of each salaried position currently at the Pascagoula plant along with the current wage rates for each job and the name, address, age, race, sex, present position, educational background, date of promotion, and the prior job classification of each employee currently employed in a salary position.

Defendant contends that it has already produced a twenty-six-page spreadsheet of its salaried employees,[5] including "the employee's base pay, the employees' bonuses for 2024, the date the employee was promoted from an hourly to salaried position, the employees' original

---

[3] Plaintiff alleges that he has trained several individuals throughout his forty-two-year tenure, and many of those individuals have been promoted while Plaintiff has not.  Thus, the names of individuals holding those jobs may be relevant to Plaintiff's case.

[4] Defendant claims that it provided Plaintiff with a 26-page spreadsheet, as noted *supra*, and that this spreadsheet answers Interrogatory No. 1.  However, Defendant apparently provided the spreadsheet in accordance with the Court's Order [54] regarding a different discovery request, which does not suffice as a proper response to Interrogatory No. 1, here.  *See* [75] at 6.

[5] It is unclear whether this twenty-six-page spreadsheet was also provided in response to Interrogatory No. 2.  The submissions of the parties do not permit the Court to determine this issue.  However, Plaintiff seems to accept the spreadsheet as a response to Interrogatory No. 2. *See* [78] at 2.

5

date of hire, and the employees' race/ethnicity[.]" *See* [75] at 6.  Plaintiff complains that Defendant's response "does not provide the necessary information to demonstrate how Plaintiff was just as qualified or more qualified than the individuals listed in the spreadsheet, which does not reference qualifications, background, or identity." [78] at 2.

Interrogatory No. 2 does not request information regarding the qualifications for these salaried positions, and the Court will not require Defendant to supplement its response with such information.  Moreover, to the extent Plaintiff seeks this information beyond the jobs' list provided above, the request is denied.

Defendant shall supplement its response to include the names and educational background of its current salaried employees at the Pascagoula refinery for the following positions:  Steam and Equipment Management in the Utilities Department; Utility Technician Specialist; Training Instructor; Energy Coordinator; Temporary Team Leader; Steam Trap Equipment Management; Steam Trap SME; and Job Planner.  Any privacy concerns raised by Defendant should be resolved by the parties' Agreed Protective Order [64].  If not, such concerns may be addressed by separate motion.

**Interrogatory No. 3**

The motion is granted as to Interrogatory No. 3.  Plaintiff seeks information relating to any investigation conducted by Defendant into reports of racial discrimination and retaliation at its Pascagoula refinery within the past seven years.

Defendant lodged its initial objections by arguing that the request is overly broad, seeks information unrelated to Plaintiff's claims, and seeks information protected by attorney-client privilege and the work-product doctrine.  [75] at 8.  Defendant's supplemental response asserts

6

that it is "researching" for non-privileged information relating to race discrimination claims in Plaintiff's group from January 1, 2020, to August 21, 2023.  [73] at 11.

Now, Defendant claims that it responded to a similar discovery request via Plaintiff's Third Set of Interrogatories and that Plaintiff has not explained why that response was deficient.[6]  However, responding to a *similar* discovery request does not suffice as a response to this discovery request.  Defendant shall supplement its response to Interrogatory No. 3 by providing Plaintiff with the requested information relating to any investigation conducted by Defendant into reports of racial discrimination and retaliation in Plaintiff's work department at its Pascagoula refinery from January 1, 2020, to August 21, 2023.

**Defendant's 30(b)(6) Deposition**

To the extent that the motion compels Defendant to make available its 30(b)(6) witness, that request is denied as moot as Plaintiff has filed its Notice [81] that he will depose Defendant's 30(b)(6) witness virtually on July 17, 2024.

**Presumption of Qualification**

Plaintiff additionally moves the Court to enter an order stating that Plaintiff is presumed to have been qualified for the positions listed in his discovery responses.  [73] at 15.  No authority is cited to support this request and the undersigned finds no basis to grant it.  Accordingly, the Court denies this request.

---

[6] In response to Plaintiff's Third Set of Interrogatories, Defendant provided Plaintiff with a document cataloguing other complaints in Plaintiff's department from January 1, 2020, to August 21, 2023—limitations apparently agreed to by Plaintiff.  *See* [75] at 9; [73-8] at 2.

**Sanctions**

Plaintiff requests that Defendant be ordered to pay his attorneys' fees incurred with filing his Second Motion to Compel [72].  The Court (again)[7] finds that, under the circumstances, neither party should be awarded fees or costs.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff Tommy Harness's Second Motion to Compel [72] is GRANTED in part and DENIED in part; and

2. To the extent required by this Order, Defendant shall supplement its responses on or before July 31, 2024.

SO ORDERED, this the 17th day of July, 2024.

s/Michael T. Parker<br>United States Magistrate Judge

---

[7] The Court denied Plaintiff's earlier request for attorneys' fees in his first Motion to Compel [39].  *See* Order [54].