IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**TOMMY HARNESS**                                                                                     **PLAINTIFF**

v.                                                              CIVIL ACTION NO.: 1:23-cv-210-HSO-MTP

**CHEVRON U.S.A., INC.**                                                                           **DEFENDANT**

### ORDER

THIS MATTER is before the Court on Defendant Chevron U.S.A., Inc.'s Motion to Strike the Report of Plaintiff's Expert Economist, Dr. Charles Baum [91]. Having carefully considered the Motion [91] and the parties' submissions, the Court finds that the Motion [91] should be GRANTED in part and DENIED in part.

### BACKGROUND

The issue before the Court is whether the expert witness report for Plaintiff's damages expert should be stricken. On July 19, 2024, Plaintiff designated Dr. Charles Baum ("Baum") as a damages expert and provided Defendant with a copy of Baum's expert report. *See* [85]. Defendant now argues that Baum's report runs afoul of Fed. R. Civ. P. 26(a)(2)(B)(ii) as the report "fails to identify all the documents upon which Dr. Baum relied in forming his expert opinions." [92] at 1. Specifically, Defendant contends that the following documents relied upon by Plaintiff's expert were not clearly identified in the expert report nor were they produced by Plaintiff:

> Income tax statement for [Plaintiff] for 2023.
> Chevron employee savings investment plan (January 1, 2014).
> Chevron employment benefits for [Plaintiff] (various dates).[1]

---

[1] Defendant provided an attachment that cited other documents as well via email to Plaintiff's counsel. S*ee* [91-1]. However, the other documents are not discussed in detail in either Defendant's Motion [91] or its Brief [92].

1

*See* [85-1] at 42; *see also* [92] at 2.

Defendant sought to remedy these issues without the Court's intervention and emailed Plaintiff's counsel on numerous occasions requesting that he identify the aforementioned documents, among others, and that he produce said documents if they were not included in his discovery responses.[2]  Plaintiff never responded.  Defendant filed the instant Motion to Strike [91].

## ANALYSIS

Federal Rule of Civil Procedure 26 provides that a retained expert witness must provide a written report that contains: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.  Fed. R. Civ. P. 26(a)(2)(B).

Rule 26(a)(2) is designed to impose a "duty to disclose information regarding expert testimony sufficiently in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Irving v. Meridian Sec. Ins. Co.*, 2023 WL 2068472, at *1 (N.D. Tex. Jan. 4, 2023) (internal citations and quotations omitted).  Expert reports should be "detailed and complete so

---

[2] The attached email chain [91-1] divulged that Defendant sought the clarification and/or the production of several documents by Plaintiff on at least three separate occasions.  No response from Plaintiff's counsel was indicated in the attached exhibit.  Nor does Plaintiff object to this recitation of events in his Response Brief [97].

as to avoid the disclosure of sketchy and vague expert information." *Michaels v. Avitech, Inc.*, 202 F.3d 746, 749 (5th Cir. 2000).

Defendant complains that Baum's expert report is incomplete for failing to identify and/or produce various documents that he relied upon in the report. As noted, Rule 26(a)(2)(B)(ii) requires that an expert report include the "data or other information considered by the witness in forming" the opinions presented therein. Fed. R. Civ. P. 26(a)(2)(B)(ii). Thus, all documents relied upon in formulating an expert's opinion must be cited in the expert's report *and* produced. *See Brimer v. Chase Bank, U.S.A., N.A.*, 2011 WL 13233317 (N.D. Tex. Jan. 13, 2011).

Here, Plaintiff does not plainly state whether he produced the subject documents cited in Baum's expert report. Plaintiff instead claims that the documents at issue "are already in [Defendant's] possession, readily accessible or both." [97] at 3.

**"Income Tax Statement for [Plaintiff] for 2023"**

Regarding the "Income Tax Statement for [Plaintiff] for 2023," Defendant claims that Plaintiff has not produced any tax-related records for 2023. [92] at 2. Plaintiff disputes this contention, arguing that he provided Defendant "with his wage and tax statement (otherwise known as "income statement" or "W-2") for 2023 on May 30, 2024," labeled TH000094. [97] at 3. It is unclear why Plaintiff did not respond to Defendant's email ([91-1]) and simply identify the document as requested.

It is also unclear whether TH000094 is the document identified as "Income Tax Statement for [Plaintiff] for 2023" and relied upon in Baum's expert report. Indeed, Plaintiff states that he provided Defendant with *other* records relating to his 2023 taxes, labeled TH000093-TH000100. *Id*. However, Plaintiff does not state which of these documents is the

"Income Tax Statement for [Plaintiff] for 2023" as identified in Baum's report.  Nor does Plaintiff argue that he produced any such document with Baum's report.

Defendant should not be obligated to engage in guesswork as to which document may (or may not) be the "Income Tax Statement for [Plaintiff] for 2023" relied upon in Baum's expert report.  Nor should the Court.[3]  Accordingly, the Court finds that the document identified as "Income Tax Statement for [Plaintiff] for 2023" was not properly disclosed in Baum's expert report.

**"Chevron employee savings investment plan (January 1, 2014)" and "Chevron employment benefits for [Plaintiff] (various dates)"**

As to the other documents, Defendant asserts that Plaintiff has not produced any employee savings investment plan dated January 1, 2024, nor any documents related to "employment benefits" for any date.  [92] at 2.  Plaintiff opposes Defendant's position on three fronts.

First, Plaintiff suggests that Defendant possessed the documents identified as "Chevron employee savings investment plan (January 1, 2014)" and "Chevron employee benefits for [Plaintiff] (various dates)" prior to the commencement of this lawsuit.  [97] at 3.  Plaintiff does not state whether he disclosed these documents in conjunction with Baum's expert report, as required by Fed. R. Civ. P. 26(a)(2)(B)(ii).

Second, he argues that Defendant—not Plaintiff—was obligated to produce these documents in connection with Plaintiff's 30(b)(6) deposition notice.  *Id*.  Concerning the document identified as "Chevron employee savings investment plan (January 1, 2014)," Plaintiff

---

[3] Plaintiff attached his redacted "tax" documents amidst one-hundred-and-twenty-four (124) pages of exhibits to support his six-page Response Brief [97].

only refers Defendant and the Court to a copy of a document retrieved from a website that provides Defendant's "Employee Savings Plan." [97] at 4; *see* [97-4].

The mere fact that the information relied upon in the report is public information does not absolve Plaintiff from disclosing it. *In re Pearl Res. LLC*, 2023 WL 8642303, at *5 (Bankr. S.D. Tex. Dec. 13, 2023); *Lofton v. McNeil Consumer & Specialty Pharms.*, 2008 WL 4878066, at *10 (N.D. Tex. July 25, 2008). Even so, it is again unclear why Plaintiff did not respond to Defendant's email and simply identify or produce this document as requested.

Finally, Plaintiff asserts that the documents at issue were provided to the Defendant, although he does not unambiguously state that he provided these documents with Baum's report initially or later as requested. [97] at 5. Elsewhere, however, he argues that "[e]ven if Plaintiff did not provide [Defendant] with the employee benefits documents that Plaintiff's expert used for his report, it would not be fair to dismiss the expert's report when [Defendant] was initially required to produce the documents in the first place." *Id*. at 4. Setting aside these seemingly inconsistent positions, it is Plaintiff's obligation under Fed. R. Civ. P. 26(a)(2)(B)(ii) to disclose "the facts or data considered by" Baum in forming his opinion.

Plaintiff has not convinced the Court that he provided Defendant with the documents titled "Income tax statement for [Plaintiff] for 2023," "Chevron employee savings investment plan (January 1, 2014)," or "Chevron employment benefits for [Plaintiff] (various dates)" as relied upon in Baum's expert report. Accordingly, Baum's expert report is incomplete.

**Authority to Strike**

Under Rule 37(c)(1), a party who fails to provide information required by Rule 26(a) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To

determine whether to exclude an expert that was not properly and timely designated, the Court considers the following factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure that prejudice." *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

Turning to the first factor, and as noted above, Plaintiff does not explicitly dispute whether he provided the documents at issue that were relied upon in Baum's expert report. Rather, he contends that Defendant either possessed the documents at issue or that it was obligated to produce them. Plaintiff ignores the mandates of Fed. R. Civ. P. 26(a)(2)(B)(ii) which demands that he provide the documents relied upon in Baum's written report. This factor weighs in favor of exclusion.

As for the second factor, Baum's testimony is certainly important. Baum is the only expert designated by Plaintiff to support any evaluation of damages in this matter. This factor weighs against exclusion.

As for the third factor, Defendant contends that, without an adequate report, it has been prejudiced. Specifically, Defendant argues that it has been prevented from "adequate[ly] prepar[ing] for its expert designation, which is due August 20, 2024." [92] at 3. This factor slightly favors exclusion, but, as discussed below, any such prejudice can be cured.

Finally, the Court may cure any prejudice to Defendant by allowing Plaintiff to supplement Baum's report[4] and by granting an extension of Defendant's expert designation deadline.

---

[4] The duty to supplement extends to materials disclosed (or not disclosed) in connection with expert reports. *See* Fed. R. Civ. P. 26(e)(2).

On balance, the Court finds that striking Baum's report is too harsh a remedy under the circumstances. The Court will provide Plaintiff an opportunity to supplement Baum's report to clearly identify **all** documents relied upon, including those disputed herein, and to provide Defendant with the same. As Defendant's expert designation is currently set for August 20, 2024, a modest extension will be granted.

IT IS, THEREFORE, ORDERED that:

1. Defendant Chevron U.S.A., Inc.'s Motion to Strike the Report of Plaintiff's Expert Economist, Dr. Charles Baum [91] is GRANTED in part and DENIED in part;

2. On or before August 23, 2024, Plaintiff shall supplement the expert report of Dr. Charles Baum to clearly identify and provide **all** documents cited (or relied upon) in his report, including, but not confined to, the "Income tax statement for [Plaintiff] for 2023," the "Chevron employee savings investment plan (January 1, 2014)," and the "Chevron employment benefits for [Plaintiff] (various dates)." By that same date, Plaintiff shall file a notice of record that he has complied with the requirements of this Order;[5]

3. Defendant's expert designation deadline is extended to September 6, 2024; and

4. All other relief demanded in the Motion to Strike [91] is DENIED.

SO ORDERED, this the 19th day of August, 2024.

s/Michael T. Parker<br>
United States Magistrate Judge

---

[5] If an evasive, coy, or otherwise unclear identification of the records at issue is provided, the expert will be stricken.